PATRONS MUTUAL FIRE INSURANCE CO. v. PECHTA.

1. JUSTICES OF THE PEACE—POWER TO GRANT ADJOURNMENT WHERE PLAINTIFF IS NONRESIDENT.

  Under 3 Comp. Laws 1915, § 14215, a justice of the peace has power, in his discretion, to grant an adjournment to defendant in a case in which plaintiff is a nonresident.

2. SAME—REGULATION OF ADJOURNMENTS—DISCRETION.

  In Michigan, the general policy of the law as to adjournments in justices' courts is to regulate by statute where the parties are both residents, and, where one of the parties is a nonresident, to leave the matter to the discretion of the justice.

3. SAME.

  Where a justice of the peace refused to grant an adjournment to defendant because of his belief that he was

without power to do so where plaintiff was a nonresident, the circuit court properly reversed a judgment for plaintiff, on appeal.

Error to Mackinac; Shepherd (Frank), J.   Submitted April 5, 1922.   (Docket No. 22.)   Decided July 20, 1922.

Assumpsit in justice's court by the Patrons Mutual Fire Insurance Company against William Pechta for an amount due on certain policies of insurance.   There was judgment for plaintiff, and defendant appealed to the circuit court.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Kinnane, Black & Leibrand,* for appellant.

*Prentiss M. Brown,* for appellee.

MCDONALD, J.   The defendant is a resident of Mackinac county; the plaintiff is a nonresident.   The action was begun by short summons before a justice of the peace of that county.   On the return day both parties appeared and made their pleadings.   Defendant then asked for a continuance, offering to show cause under oath.   The justice did not permit the showing to be made and refused the continuance for the reasons assigned in his return on appeal as follows:

"That I, the said justice, after hearing both parties at length, held that there is no statute in Michigan authorizing a continuance under any circumstances, that no showing could be made that would entitle defendant to a continuance, the plaintiff being a nonresident of the county, and the summons a short summons.   I, the said justice, being satisfied that any postponement of the case would nonsuit the plaintiff."

The trial then proceeded and judgment was rendered against the defendant, who appealed to the circuit

court by special appeal, where the judgment was reversed for the reason "that defendant was erroneously denied the adjournment to which he was entitled." Plaintiff has brought the case to this court by writ of error.

The question involves the power of a justice of the peace to adjourn a cause on the return day of a short summons upon motion of the defendant, over the objection of a nonresident plaintiff. It is the contention of counsel for the plaintiff that a justice's court has no power to grant adjournments except as conferred by statute, and that the legislature intended to withhold that power from the justice in cases wherein one of the parties is a nonresident, citing section 14206, 3 Comp. Laws 1915, which is as follows:

"At the time of the return of a summons against a resident of the county, in favor of one who is also a resident, or an attachment personally served, or of a writ of replevin, or of joining issue without process, either party shall be entitled to an adjournment as a matter of course, but such adjournment shall not exceed two weeks without the consent of the parties, or the justice may, in his discretion, or with or without the consent of the parties, adjourn the case not exceeding six days."

It is true, as counsel claims, that in enacting this statute it was the plain intention of the legislature to exclude nonresident parties from its operation. The reason for so doing is apparent. No fixed rule for adjournments can be justly applied to cases where the plaintiff is a nonresident. To permit the resident defendant to adjourn the case for two weeks would undoubtedly work a great injustice to the nonresident. So the legislature has not undertaken to regulate the practice of adjournments in justice's court in such cases, but has wisely left the whole matter to the judicial discretion of the court.

The statute relied on by counsel for the defendant,

section 14215, 3 Comp. Laws 1915, does not apply to adjournments but to pleadings.   It would indicate that the justice had power, in any case, to adjourn to give the parties time to make their pleadings, but in this case the pleadings were made before the adjournment was asked for.   It, therefore, has no application to the question here under consideration.

Inasmuch as there is no statute in Michigan permitting or prohibiting adjournments in justices' courts, in cases wherein there is a nonresident party, the question arises, Has the justice, in the absence of statutory regulation, the power to grant an adjournment?   We think he has.   The statute is not the source of his power, but may properly restrict and regulate its application; and in the absence of statutory restrictions, the following provision of the law gives to justices' courts like power to continue a cause as is exercised by the circuit courts:

"Justices' courts are hereby vested with all such powers, for the purpose of exercising jurisdiction conferred by this chapter, as are usual in courts of record, except the power of setting aside a verdict and arresting judgment thereon."   3 Comp. Laws 1915, § 14168.

And in 13 C. J. p. 123, it is said:

"The power to grant or to refuse continuances is inherent in all courts, and necessary for the promotion of justice and the prevention of delay.   Also the power is sometimes expressly conferred by statute, but, at least in some jurisdictions, a statute relating to continuances is considered not as the source of power, but only as prescribing certain requisites of the application thereof.   The granting of a continuance is a judicial act, and some statutes providing that suits shall be continued have been held unconstitutional."

In Michigan the general policy of the law as to adjournments in justices' courts is to regulate by

statute where the parties are both residents, and in cases wherein one of the parties is a nonresident, to leave the matter of adjournments to the good sense and sound judgment of the justice. In the case under consideration the justice refused to exercise his discretion, and denied the right of defendant to show cause. The circuit judge correctly disposed of it.

The judgment is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.